IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERON JOHNNY MAXTON, | : | CIVIL ACTION NO. **1:CV-13-1893** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES, | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

**I.     BACKGROUND.**

On July 11, 2013, Plaintiff Theron Johnny Maxton, an inmate at USP-Lewisburg, filed a 2-page form Complaint against Defendant United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, *et seq.*[1] (Doc. 1). Plaintiff also filed a Motion to Proceed *in forma pauperis*. (Doc. 2).

In his Complaint, Plaintiff alleges only the following:

> This is a Federal Tort Claim against the United State[s] for assault and battery that were committed by staff of the FBOP acting in the scope of their employment, ASIA, SIS Lt. Kappa and Captain B. Taggart had me assaulted and beaten on **April 4 and 8, 2013**, and Lt. Kappa and ASIA Officials had Officer Twist and CO Crowley beat the Plaintiff on **June 19th and 20th, 2013** and Lt. Kappa had Officer Twist handcuff the Plaintiff on **June 26th and 27th** [2013] and assault the Plaintiff and F. Ponds and ASIA Karen Nasser refuse the Plaintiff medical treatment for his injury.

---

[1] We note that Plaintiff Theron Johnny Maxton has filed several cases with this Court, namely, Civil Nos. 13-0658 (closed), 13-1134, 13-1213, 13-1792 (§2241 habeas petition), and 13-1894, M.D. Pa.

(emphasis added) (Doc. 1, p. 2).

As relief, Plaintiff requests $250,000 for pain and emotional distress, along with an order that he be sent to an outside medical facility to receive treatment for the alleged injuries incurred by BOP staff to his back, groin, and knee. Plaintiff also requests that the BOP staff who allegedly assaulted him "be fired." (Id.).

We now screen Plaintiff's Complaint as required by the PLRA.

## II. STANDARDS OF REVIEW.

### A. *PRISON LITIGATION REFORM ACT*

As stated, Plaintiff filed an *in forma pauperis* Motion. (Doc. 2). The Prison Litigation Reform Act of 1995,[2] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, §1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[2]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

B.  FTCA  STANDARD

Plaintiff names the United States as the sole Defendant in his Complaint with respect to his tort claims under the FTCA.  As Plaintiff correctly recognizes, only the United States is the proper Defendant in an FTCA action.  Additionally, Plaintiff cannot assert any of his tort claims against individuals employed by the Bureau of Prisons ("BOP') and he must assert all of his tort claims against only the United States through the FTCA. *See Thomas v. U.S.*, 558 F.Supp. 2d 553, 554 (M.D. Pa. 2008); *Woods v. Federal Bureau of Prisons*, 2011 WL 6888648 (M.D. Pa. 11-22-11). Thus, the United States is the only proper Defendant in a FTCA suit, and the United States has waived sovereign immunity for an FTCA action. *See Braget v. U.S. Bureau of Prisons,* 2011 WL 7658892, *6 (M.D. Pa. 12-28-11) adopted by 2012 WL 1165465 (M.D. Pa. 4-9-12); *Sash v. Hogsten*, 2008 WL 618945 (M.D. Pa.). The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment.  28 U.S.C. § 2675(a); *see also Braget v. U.S. Bureau of Prisons*, 2011 WL 7658892, *6  (M.D. Pa. 12-28-11) adopted by 2012 WL 1165465 (M.D. Pa. 4-9-12); *Rosario v BOP*, 2007 WL 951468, *4 (M.D. Pa.).

According to the FTCA, "an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).  Thus, a private Plaintiff may not sue the United States  under the FTCA without first

having filed a tort claim (SF-95) with the appropriate responsible federal agency. *Id.*; *see Albani v. U.S.*, 2010 WL 2364426, *6 (E.D. Pa. June 9, 2010).[3]

C.  MOTION TO DISMISS STANDARD

In screening a Complaint under the PLRA, the Court uses the Rule 12(b)(6) motion to dismiss standard. In *Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 343-44 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, [556 U.S. 662], 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
>
>> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its fact.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).
>
> *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).
>
>> [D]istrict courts should conduct a two-part analysis. First, the factual

---

[3]Plaintiff does not state in his Complaint whether he exhausted his administrative remedies by filing a tort claim with the BOP and by having the BOP issue a final decision on any tort claim as required under the FTCA.

and legal elements of a claim should be separated. The District
Court must accept all of the complaint's well-pleaded facts as true,
but may disregard any legal conclusions. [*Iqbal*, 129 S.Ct. At 1949.]
Second, a District Court must then determined whether the facts
alleged in the complaint are sufficient to show that the plaintiff has
a "plausible claim for relief." *Id.* at 1950. In other words, a
complaint must do more than allege a plaintiff's entitlement to
relief. A complaint has to "show" such an entitlement with its facts.
*See Phillips [v. Co. of Allegheny]*, 515 F.3d [224,] 234-35 [ (3d Cir.
2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the
well-pleaded facts do not permit the court to infer more than the
mere possibility of misconduct, the complaint has alleged–but it has
not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 129
S.Ct. At 1949. This "plausibility" determination will be "a context-
specific task that requires the reviewing court to draw on its judicial
experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

The Third Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009)(not precedential)(quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

### III.     DISCUSSION.

As noted, Plaintiff Maxton does not aver that he filed a tort claim with the BOP regarding his instant claims of assault and, he does not aver that he exhausted his administrative remedies with respect to his tort claims as required by the FCTA.  As mentioned, under the FTCA, "an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency

5

and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Thus, Plaintiff may not sue the United States under the FTCA without first having filed a tort claim with the BOP. *See Albani v. U.S.*, 2010 WL 2364426, *6 (E.D. Pa. June 9, 2010).

Since Plaintiff Maxton does not state that he filed a tort claim with the BOP raising his instant assault claims and that he exhausted his claims, and since it is apparent from the face of Plaintiff's Complaint that he could not have yet exhausted his assault claims which arose on April 4 and 8, June 19 , 20, 26 and 27, 2013, we find that this federal court lacks jurisdiction over his Complaint. *See* 28 U.S.C. §2675(a).

The Court in *Banks v. Roberts*, 2007 WL 3096585, *2 (3d Cir.)(Non-Precedential), stated:

> The FTCA waives the sovereign immunity of the United States
> for torts of federal employees acting within the scope of their
> employment" under circumstances where the United States, if a
> private person, would be liable to the claimant in accordance with
> the law of the place where the act or omission occurred." 28 U.S.C.
> § 1346(b)(1). The FTCA contains a jurisdictional bar that requires a
> plaintiff to file his or her claim with the appropriate federal agency
> and receive a final denial by that agency before filing a complaint
> in federal court. *See* 28 U.S.C. § 2675(a).

*See also Booker v. U.S.*, 2009 WL 90129 (M.D. Pa.).

The Court can raise, *sua sponte*, the issue of lack of subject matter jurisdiction. *See Daily v. City of Phila.*, 98 F.Supp.2d 634, 636 (E.D. Pa. 2000).

Therefore, Plaintiff was required to have submitted a tort claim with the BOP raising his instant assault claims and to have it finally denied before he filed his present

Complaint in federal court under the FTCA. Additionally, Plaintiff is required to present his tort claim to the BOP within two years after his claims accrued. *Royster v. U.S.*, 475 Fed.Appx. 417, 419 (3d Cir. 2012). To the extent that Plaintiff alleges the incidents occurred as recently as June 27, 2013, we find that it is apparent from the face of his pleading he could not have exhausted his tort claims with the BOP in such a short period of time. In fact, the post mark on the envelope in which Plaintiff mailed his instant Complaint to the Clerk of Court was dated July 9, 2013, and it was mailed out of the prison on "7/8/13." (Doc. 1, p. 3). Moreover, Plaintiff does not submit any exhibits with his Complaint to suggest that he has filed any tort claim with the BOP, let alone that he received a final denial of such claim to constitute exhaustion for purposes of the FTCA.

We find that in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's action under the FTCA since his pleading is clear that he did not first exhaust his tort claims with the relevant agency, *i.e.*, the BOP. *See Accolla v. U.S. Government*, 369 Fed. Appx. 408 (3d Cir. 2010) (finding that the Middle District of Pennsylvania lacked jurisdiction to hear an FTCA claim where the inmate-Plaintiff has not exhausted administrative remedies); *see also Burke v. Gonzales*, 2006 WL 3762061 (M.D. Pa. 2006); *McNeil v. U.S.*, 508 U.S. 106 (1993).

In *McPherson v. U.S.*, 2010 WL 3446879, *3-*4, the Third Circuit stated:

Failure to exhaust and the statute of limitations are similar "in the abstract": they are both affirmative defenses. But, a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint. We see no reason

7

> why a district court, when screening a complaint pursuant to the PLRA, may not *sua sponte* dismiss a suit whose allegations make clear that the action is not timely. Indeed, other Courts of Appeals have recognized that dismissal under these circumstances is appropriate. *See, e.g., Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006); *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001); *Nasim v. Warden, Maryland House of Corr.,* 64 F.3d 951, 956 (4th Cir.1995) (en banc); *Pino v. Ryan,* 49 F.3d 51, 53-54 (2d Cir.1995).FN4 We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.

*See also Barnett v. York County,* Civil No. 11-906, M.D. Pa.

Thus, based on *McPherson* and *Barnett*, even though exhaustion is an affirmative defense, *sua sponte* dismissal of Plaintiff's Complaint by this Court is nonetheless proper since it is abundantly clear from the face of his Complaint that he has failed to fully exhaust his tort claims with the BOP as required by the FTCA.[4]

---

[4]Even if Plaintiff were to couch his instant Complaint as raising Eighth Amendment excessive force claims pursuant to *Bivens*, we find that he must nonetheless exhaust his available BOP administrative remedies as required by the PLRA. *See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). To that extent, we also find that Plaintiff could not have fully exhausted his BOP administrative remedies at the present time regarding any constitutional claims based on the above stated dates of the alleged assault incidents. We also note that "not all tortious conduct which occurs in prison rises to the level of an Eighth Amendment violation." *Watkins v. Bixler*, 2007 WL 2903361, *3 (M.D. Pa.(citation omitted).

An inmate must exhaust his prison administrative remedies with respect to each one of his constitutional claims prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*.

Moreover, we acknowledge that the courts have long recognized an intentional torts exception to the FTCA, meaning when a Plaintiff brings a claim for an intentional tort, such as assault, the government will not waive its sovereign immunity, as it typically does for a tort claim under the FTCA. *See* 28 U.S.C. § 2680(h); *Millbrook v. U.S.*, 133 S.Ct. 1441 (2013). Therefore, such a claim for an intentional tort is only properly brought against the individual Defendant personally. To the extent that Plaintiff claims that employees of USP-Lewisburg intentionally assaulted and beat him on six different occasions (Doc. 1, p. 2), we find that under the FTCA Plaintiff's claims of intentional assault should be dismissed since they do not fall within the intentional tort exception of 28 U.S.C. § 2680(h). While Plaintiff has sufficiently shown that BOP prison staff are investigative or law enforcement officers for purposes of § 2680(h), "the intentional tort exception should only apply to activities of officers 'engaging in searches, seizures or arrests.'" *Watkins v. Bixler*, 2007 WL 2903361, *8(M.D. Pa.)(citing *Pooler v. U.S.*, 787 F. 2d 868, 872 (3d Cir. 1986); Michtavi v. U.S., 2008 WL 5703727, *5 (M.D. Pa. Oct. 14, 2008) adopted by 2009 WL 578535 (M.D. Pa. March 4, 2009) affirmed by 345 Fed. Appx. 727 (3d Cir. Sept. 21, 2009). Plaintiff Maxton clearly does not allege that the prison staff at USP-Lewisburg committed any intentional tort when they were executing a search, seizing evidence, or making an arrest. Thus, since Plaintiff Maxton has not alleged the specific type of law enforcement activity which is applicable to the intentional tort exception of §2680(h), *i.e.,* the alleged conduct did not occur during an arrest or during a search or seizure of evidence, he cannot raise his assault claims in his

Complaint under the FTCA. As discussed above, Plaintiff may be able to assert constitutional claims under *Bivens* after he competes exhaustion of his BOP administrative remedies.

The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). It is not clear if it would be futile for the Court to allow Plaintiff to file a new action after he exhausts his administrative remedies with the BOP. We will therefore recommend that Plaintiff's instant Complaint be dismissed without prejudice, so that Plaintiff may exhaust his administrative remedies with respect to his tort claims against the United States, as required by the FTCA, and with respect to any constitutional claims, as required by the PLRA, before filing a new action with this Court.

**IV.    RECOMMENDATION.**

Based on the foregoing, it is respectfully recommended that Plaintiff's Complaint **(Doc. 1)** be dismissed without prejudice. Additionally, it is recommended that the Court grant Plaintiff's *in forma pauperis* Motion **(Doc. 2)** solely for the purpose of filing this action.

                                       s/ **Thomas M. Blewitt**
                                       **THOMAS M. BLEWITT**
                                       **United States Magistrate Judge**

**Dated: July 23, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERON JOHNNY MAXTON, | : | CIVIL ACTION NO. **1:CV-13-1893** |
| | : | |
| Plaintiff | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 23, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                            **s/ Thomas M. Blewitt**
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**


**Dated:   July 23 2013**